IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBBY L. TOLLIVER                                                                PLAINTIFF

v.                                    CIVIL NO. 23-3023

MARTIN J. O'MALLEY,[1] Commissioner
Social Security Administration                                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Robby L. Tolliver, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on November 8, 2019, alleging an inability to work since January 4, 2018, due to blind or low vision, Type-2 Diabetes, PVT (portal vein thrombosis), a right great toe amputation, and blood clots in his lungs. (Tr. 69, 225). For DIB purposes, Plaintiff maintained insured status through December 31, 2020. (Tr. 12, 232). An administrative video hearing was held on August 17, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 33-67).

---

[1] Martin J. O'Malley has been appointed to serve as Commissioner of Social Security Administration, and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure

1

By written decision dated June 15, 2022, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found prior to the date last insured, Plaintiff had the following severe impairments: a toe amputation, diabetes mellitus, and depression. However, after reviewing all the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 15).  The ALJ found that through the date last insured, Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except the claimant cannot climb ropes, ladders, or scaffolds; the claimant cannot perform work in close proximity to moving machinery or unprotected heights; the claimant can only occasionally climb stairs or ramps; the claimant can only occasionally balance, crawl, kneel, stoop, and/or crouch; the claimant can frequently finger and handle bilaterally; the claimant can occasionally tolerate temperature extremes; the claimant can perform simple, routine, repetitive tasks, he can respond to supervision that is simple, direct, and concrete, and he can occasionally interact with supervisors, co-workers, and the general public.

(Tr. 17- 18). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform work as a circuit board assembler and a document preparer. (Tr. 23-24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on February 8, 2023. (Tr. 1-5).  Subsequently, Plaintiff filed this action.  (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision.  (ECF Nos. 12, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) The ALJ erred in determining Plaintiff's severe impairments; 2) The ALJ failed to properly assess the medical opinions when determining the RFC; and 3) The ALJ's decision is not supported by substantial evidence. (ECF No. 12). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 14).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2020. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of January 4, 2018, his alleged onset date of disability, through December 31, 2020, the last date he was in insured status under Title II of the Act. To qualify for DIB, Plaintiff must prove that on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical

or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. While the ALJ did not find every medical diagnosis to be a severe impairment, the ALJ specifically and thoroughly discussed the alleged impairments in the decision, and clearly stated that he considered all of Plaintiff's impairments including the impairments that were found to be non-severe. After reviewing the record as a whole, the Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments during the relevant time period.

In determining that Plaintiff maintained the RFC to perform sedentary work with limitations prior to his date last insured, the ALJ considered the medical assessments of treating medical providers, consultative examining medical providers, and non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC prior to his date last insured. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 25th day of January 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE